# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| QTI SERVICE CORPORATION, | § | |
|    *Plaintiff*, | § | |
| | § | Civil Action No. 4:20-CV-00072 |
| v. | § | Judge Mazzant |
| | § | |
| ANDREW L. VALDEZ, JR. AND QTI | § | |
| TRANSPORT, LLC, | § | |
|    *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Motion for Substitute Service (Dkt. #6). Having considered the motion and the relevant pleadings, the Court finds that Plaintiff's Motion should be **GRANTED**.

## BACKGROUND

Plaintiff requests that the Court permit substitute service in this action given Plaintiff's failed attempts to serve Defendants. Plaintiff has provided the Court with two declarations to support its request. First, Plaintiff provided the Court with the Declaration of Vickie Krajca (Dkt. #6, Exhibit B) (the "Krajca Declaration"). The Krajca Declaration is supported by a "true and correct copy of the documents pulled from the Texas Secretary of State's website" (Dkt. #5, Exhibit B-1). The Krajca Declaration is also supported by a "true and correct copy of the documents pulled from the Grayson County Appraisal website" (Dkt. #6, Exhibit B-2). According to the Texas Secretary of State, QTI Transport, LLC is a Texas limited liability company (Dkt. #6, Exhibit B-1). The business address of QTI Transport's registered agent and registered office is 325 Sherbrook Street, Van Alstyne, Texas 75495 (Dkt. #6, Exhibit B-1). According to the

Grayson County Appraisal website, 325 Sherbrook Street, Van Alstyne, Texas 75495 is also the homestead of Andrew L. Valdez and his wife (Dkt. #6, Exhibit B-2).

Plaintiffs also provided the Court with the Declaration of Due Diligence of Jay M. Barns and Sharlene J. Barns (Dkt. #6, Exhibit A) (the "Barns Declaration"). According to the Barns Declaration, Jay and Sharlene Barns, both Certified Process Servers, made four attempts to serve Defendants at 325 Sherbrook Street, Van Alstyne, Texas 75495. These attempts at service occurred at various times; namely, (1) February 3, 2020, at 5:10 P.M.; (2) February 6, 2020, at 6:35 P.M.; (3) February 8, 2020, at 10:35 A.M.; and February 12, 2020, at 3:44 P.M. (Dkt. #6, Exhibit A). All four attempts failed. Notably, on various attempts, Jay Barns and/or Sharlene Barns witnessed a QTI Transport vehicle parked at the curb of the front of the residence (Dkt. #6, Exhibit A). They also witnessed a black Ford F-150 with paper tags parked in the driveway (Dkt. #6, Exhibit A). On the second attempt, a young female, approximately 10 years old, looked out of the window at Jay Barns and then proceeded to not answer the door (Dkt. #6, Exhibit A). Finally, on the fourth attempt, Sharlene Barns left her business card with her contact information at the residence (Dkt. #6, Exhibit A). "As of February 13, 2020, no one has contacted [Sharlene Barns]" (Dkt. #6, Exhibit A).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 4(e)(1) provides that an individual "may be served in a judicial district of the United States by: following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." FED. R. CIV. P. 4(e)(1). Service may also be achieved by doing any of the following:

(A) delivering a copy of the summons and of the complaint to the individual personally;

(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

*Id.* As stated in Rule 4(e)(1), service may be made by following the law of the state where the district court is located. *Id.* Texas state law provides that:

> Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service:
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

TEX. R. CIV. P. 106(b)(1–2). Texas state law authorizes service of process by:

> (1) delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or
>
> (2) mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto.

*Id.*, 106(a)(1–2).

## ANALYSIS

The Court finds that Plaintiff has carried its burden in demonstrating, by declaration, that service has been attempted upon Defendants unsuccessfully. Plaintiff has demonstrated that it has attempted to serve Defendants, in person, four times at 325 Sherbrook Street, Van Alstyne, Texas 75495. *See* TEX. R. CIV. P. 106(b)(1–2). Plaintiff has demonstrated, by the Krajca Declaration, that the aforementioned address is both the homestead of Defendant Valdez and the business address of QTI Transport's registered agent and registered office. Plaintiff supported the Krajca Declaration by providing the Court with documentation from the Texas Secretary of State and Grayson County Appraisal website. This information was further corroborated by the Barns

3

Declaration which stated that Jay and Sharlene Barns both witnessed a QTI Transport vehicle parked outside of the residence, a Ford F-150 parked in the driveway, and a young female present in the home. Despite the activity at the residence, and the documentation which supports Defendants' presence at the residence, Plaintiff has demonstrated that each of Plaintiff's four attempts to serve Defendants at this address have failed. Sharlene Barns has also testified that she left her contact information with Defendants and has yet to be contacted. Based on the foregoing, the Court believes that Plaintiff's Motion for Substitute Service should be granted to the extent that some form of substituted service is requested. A question remains: namely, what method of substituted service should the Court permit.

Plaintiff requests that the Court authorize service upon Defendants by affixing a true copy of the summonses issued to Defendants with a copy of the Original Complaint and the Application for Injunctive Relief attached to each summons, to the front door at 325 Sherbrook Street, Van Alstyne, Texas 75495. The Court, pursuant to Federal Rule of Civil Procedure 4(e)(1) and Texas Rule of Civil Procedure 106(b)(2), finds that this manner of service will be "reasonably effective to give [Defendants] notice of the suit." The Grayson County Appraisal website states that 325 Sherbrook Street, Van Alstyne, Texas 75495, is Defendant Valdez' home. Texas Secretary of State records provide that 325 Sherbrook Street, Van Alstyne, Texas 75495, is the address of QTI Transport's registered agent and registered office. A personal and work-related vehicle were found at the address. Moreover, a young child was present on Jay Barns second attempt to serve Defendants. Affixing a true copy of the summonses and the Original Complaint and Application for Injunctive Relief should apprise Defendants of the present action as it is readily apparent that Defendants are present at the address. Consequently, the Court grants Plaintiff's request.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion for Substitute Service (Dkt. #6) is hereby **GRANTED**. Plaintiff may accordingly accomplish service upon Defendants by affixing a true copy of the summonses issued to Defendants with a copy of the Original Complaint and the Application for Injunctive Relief attached to each summons, to the front door at 325 Sherbrook Street, Van Alstyne, Texas 75495.

**SIGNED this 19th day of February, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE